*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0125p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MCCOY ELKHORN COAL CORPORATION;
JAMES RIVER COAL COMPANY,

*Petitioners,*

*v.*

No. 12-3037

VERNIE DOTSON; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES,

*Respondents.*

On Petition for Review of an Order of the Benefits Review Board,
United States Department of Labor.
No. BRB 10-0706.

Decided and Filed: May 3, 2013

Before: SILER, SUTTON, and McKEAGUE, Circuit Judges.

_____

**ORDER**

_____

On February 1, 2013, this court issued an order denying McCoy Elkhorn Coal Corporation's petition for review of a decision of the Benefits Review Board based on *Vision Processing, LLC v. Groves*, 705 F.3d 551 (6th Cir. 2013). McCoy Elkhorn filed a petition for rehearing, arguing that its case involved additional issues not addressed in *Vision Processing*, namely whether an award of benefits under the 2010 Black Lung Amendments, Pub. L. No. 111-148, § 1556(a)–(c), should commence the month the miner died. For the reasons that follow, we deny the petition for rehearing.

The relevant regulation says: "Benefits are payable to a survivor who is entitled beginning with the month of the miner's death, or January 1, 1974, whichever is later." 20 C.F.R. § 725.503(c). This language was clear before Congress enacted the Black

1

Lung Amendments, and it remains so today. Willie Dotson died in August 1998. An administrative law judge determined that his wife, Vernie, was entitled to survivor's benefits. By the terms of § 725.503(c), Vernie is "entitled [to benefits] beginning with the month of the miner's death": August 1998.

Invoking the constitutional-avoidance canon, Elkhorn argues that this reading of the regulation would impose retroactive liability on the company in violation of due process, and as a result it urges us to read the regulation differently to avoid this pitfall. There is no pitfall. We addressed, and rejected, a similar argument in *Vision Processing*:

> Vision Processing adds that allowing the 2010 amendments to operate retroactively would violate substantive due process. The Supreme Court has rejected a similar argument before—in the context of the Black Lung Benefits Act no less. *Usery* considered whether the Act, as originally enacted, violated due process because it imposed retroactive liability on coal mine operators. In upholding the statute, the Court explained that "the imposition of liability for the effects of disabilities bred in the past is justified as a rational measure to spread the costs of the employees' disabilities to those who have profited from the fruits of their labor—the operators and the coal consumers."

705 F.3d at 558 (quoting *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 18 (1976)) (citation omitted).

Mining a similar vein, Elkhorn contends that January 1, 2005, the date mentioned in § 1556(c) of the Black Lung Amendments, would be a more rational commencement date, given that Congress already highlighted that date as a dividing line for employer liability. Perhaps as a matter of policy January 1 would have made sense as a start date; perhaps not. What matters is that this is not the date Congress selected. Congress made no mention of when an award of survivor benefits should commence when it enacted the Black Lung Amendments. That leaves us with the preexisting regulation, which is still in place and which still governs survivor-benefits applications like this one.

Elkhorn proposes one other commencement date: January 2006, the month Vernie Dotson filed her survivor claim. It is true that *living-miner* benefits become payable the month the miner files the claim. As 20 C.F.R. § 725.503(b) explains,

"benefits shall be payable to [a] miner beginning with the month during which the claim was filed" "[w]here the evidence does not establish the month of onset."  The problem is, Vernie Dotson is seeking *survivor* benefits, and as just shown they have a different trigger date under 20 C.F.R. § 725.503(c).

For these reasons, the petition for rehearing is denied.

ENTERED BY ORDER OF THE COURT


/s/ Deborah S. Hunt

_____

Clerk